IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Jerome Morris-Bey,           )
                             )
            Plaintiff,       )    Case No. 4:07-cv-1814
                             )
      vs.                    )
                             )
5 Semi-Unknown St. Louis     )
Metropolitan City Police     )
Officers, et al.,            )
                             )
            Defendants.      )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jerome Morris-Bey (registration no. 32323044) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.90. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

1

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id. Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $19.48, and an average monthly balance of $7.29. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.90, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint and Supplements**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Frederick Buckles (Federal Magistrate Judge), Duran Brassfield (Police Officer, St. Louis Police Department), Larry Dampier (Police Officer, St. Louis Police Department), and Grant Shostak (Attorney). The complaint seeks monetary relief. Plaintiff alleges that on January 25, 2005, he was drinking alcohol outside a building when the police arrived. He fled from the scene and the officers chased him and eventually detained him. However, plaintiff claims that the officers used excessive force on him. Plaintiff further asserts that the charges against him were dismissed at the state level for lack of probable cause, but that the officer then took the complaint to a friend of his father, Magistrate Judge Frederick Buckles. Plaintiff claims Judge Buckles allowed perjury by the officers and is guilty of federal judicial misconduct because of his conflict of interest. Plaintiff claims this also serves as a "possible Petite policy violation" and a double jeopardy violation since the charges had been dismissed earlier in state court. Plaintiff also lists his attorney as a defendant for his ineffectiveness and desire to

avoid trial, which was contrary to the plaintiff's wishes. Finally, plaintiff alleges prosecutorial misconduct in the withholding of evidence in his criminal case, and he claims he was illegally convicted.

**Discussion**

The complaint names the police officer defendants in their official capacities. Even if the complaint was silent about whether the defendants were named in their individual or official capacities, the same result would follow. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint alleges no facts to identify a policy or custom of a government entity that was responsible for the alleged violations of plaintiff's constitutional rights. Board of the County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to

4

impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury."). As a result, the complaint fails to state a claim under 42 U.S.C. § 1983, and it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The same result is true regarding plaintiff's claim against Judge Buckles. Plaintiff's allegations regarding Judge Buckles' relationship to Officer Brassfield's father do not establish a basis for a claim under § 1983. Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

Moreover, "habeas corpus is the appropriate remedy for . . . prisoners attacking the validity of the fact or length of their confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Thus, to the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, perjury, ineffective assistance of counsel, or other grounds, his federal-court recourse is to file a habeas corpus action. See also Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("With respect to [defendant's § 1983 claims] . . . a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). At the present time, plaintiff's allegations regarding his unlawful arrest, detention, and/or conviction are

barred because he has shown no underlying invalidity of his criminal sentence.  Heck v. Humphrey, 512 U.S. 477 (1994)(before recovering damages for allegedly unconstitutional conviction or imprisonment, plaintiff must prove that the decision has been reversed, expunged, or declared invalid by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus).

Similarly, plaintiff's double jeopardy and Petite policy grounds fail to state a claim upon which relief can be granted. As a general rule, under the dual sovereignty doctrine, "federal prosecution following state prosecution of the same person for the same acts does not violate the defendant's criminal rights." United States v. Basile, 109 F.3d 1304, 1306-07 (8th Cir. 1997) (quoting Abbate v. United States, 359 U.S. 187, 194 (1959)).  In a related fashion, any Petite policy violation would not serve as a basis for suit because it is merely an internal policy of the Department of Justice that provides no relief for criminal defendants.  United States v. Larsen, 427 F.3d 1091, 1094 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.90 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

6

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. #9) is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of March, 2009.

RODNEY S. WEBB, District Judge
United States District Court